## WHEN IT IS THE DUTY OF THE COURT TO DIRECT A VERDICT FOR THE DEFENDANT IN A NEGLIGENCE CASE.

Circuit Court of Cuyahoga County.

### JOHN GUTT v. PENNSYLVANIA COMPANY.

Decided, May 27, 1912.

*Construction of Section 9018, General Code—Negligence and Contributory Negligence for Jury—No Evidence of Defendant's Negligence—Duty to Direct Verdict.*

The requirement in Section 9018, General Code, that in all actions brought against a railroad company for personal injury to an employee, all questions of negligence and contributory negligence shall be for the jury, assumes that there must be evidence tending to establish negligence on the part of the defendant, and if the undisputed facts in the case do not tend to show that the defendant has been guilty of negligence, there is no question of fact to be submitted to the jury, and it is the duty of the court in such case to apply the law to the undisputed facts and direct a verdict for the defendant.

*S. Doerfler* and *C. W. Dille,* for plaintiff in error.
*Squire, Sanders & Dempsey,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The action, out of which this proceeding in error arises, was begun in the court of common pleas by John Gutt to recover damages from the Pennsylvania Company on account of personal injuries sustained by him while a brakeman in the company's employ.

On the trial of the case in the court below, the court on motion of the defendant directed a verdict for said defendant at the close of the plaintiff's evidence.

The plaintiff's motion for a new trial was overruled and judgment entered against him on the verdict.

A reversal of this judgment is now sought by the plaintiff in error on the ground that the court erred in directing a verdict in the manner indicated.

The only witness who testified on behalf of the plaintiff was the plaintiff himself. It appears from his testimony that on the night of July 25, 1910, he was in the performance of his duties as yard brakeman for the defendant, assisting in the work of taking a train of coal cars out of the defendant's Bedford yard, seven or eight miles from Cleveland; that his duties in general were to couple up cars, pass signals and assist in the switching of cars; that on this particular occasion he was instructed by the conductor in charge of the train that was being switched, to station himself near the head end of the train, and await a signal to be given by the conductor, who then went to the other and of the train, composed of about forty cars, to see that the right-of-way was clear; that the plaintiff then sat down on a switch stand about fifteen or twenty feet from the end of the engine, and about two feet and a half from the track on which the train was to be moved; that the head end of the engine was coupled to the train, and the headlight attached to the back of the engine; that while the plaintiff was sitting on the switch stand he became unconscious and while in a state of unconsciousness his hand rested upon or close to one rail of the track; that the train was started by the engineer while the plaintiff was in this position, resulting in his hand being run over by the train and causing the injuries for which he sought to recover damages in the court below.

There was no evidence tending to show that the engineer knew of the plaintiff's position of peril, but there was evidence tending to show that if the engineer had looked ahead on the track he might have discovered the plaintiff's situation. A rule of the company was also introduced in evidence whereby an engineer is required to keep a constant lookout on the track for signals and obstructions.

On this state of facts it is contended for the plaintiff in error that the case should have been submitted to the jury.

In *Erie Railroad Co.* v. *McCormick.* 69 O. S., 45, a case identical in principle with the one before us, it was held, quoting from the syllabus, paragraph 3:

"In an action against a railroad company by one who, by his own fault, is upon its tracks and in a place of danger, to recover for a personal injury caused by the failure of its employees operating one of its trains to exercise due care after knowledge of his peril, it is necessary to show actual knowledge imputable to the company."

Unless the law, thus laid down by the Supreme Court, has been modified by the enactment of the statute of February 28, 1908 (99 O. L., 25), it must control the decision in this case. Section 2 of that act, which is Section 9018, General Code, provides:

"In all actions hereafter brought against a railroad company operating a railroad in whole or part within this state, for personal injury to an employee or where such injuries have resulted in his death, the fact that he was guilty of contributory negligence shall not bar a recovery when such negligence was slight and that of the employer greater, in comparison. But the damages must be diminished by the jury in proportion to the amount of negligence attributable to such employee. All questions of negligence and contributory negligence shall be for the jury."

The effect of this statute is to relieve the plaintiff who seeks to recover damages from the defendant on account of the latter's negligence, of the consequences of his own contributory negligence. All questions of fact relating to negligence and contributory negligence are to be submitted to the jury. The statute does not, however, attempt to define negligence, nor to take from the court the power of passing upon questions of law. The requirement that all questions of negligence and contributory negligence shall be for the jury, assumes that there must be evidence tending to establish negligence on the part of the defendant. If the undisputed facts do not tend to show that the defendant has been guilty of negligence, there is no question of fact to be submitted to the jury, and it is the duty of the court in such case to apply the law to the undisputed facts and direct the verdict for the defendant.

Referring again to *The Erie Railroad Co.* v. *McCormick, supra,* we find in the opinion on page 53, this language:

"The concrete rule upon this subject is, that if one is upon the track of a railway company by his own fault, and in peril of which he is unconscious, or from which he can not escape, and these facts and conditions are actually known by the engineer, it is his duty to exercise all reasonable care to avoid the infliction of injury. It does not impose the duty to exercise care to discover that one so upon the track is in a place of danger, but it does impose a duty to be exercised upon actual discovery."

Under this rule of law laid down by the Supreme Court, there is not any duty imposed upon a railroad company of exercising care to discover one who is by his own fault upon the tracks of the company and in a place of danger, of which he is unconscious, and from which he can not escape. There being no such duty, a failure to use such a care is not actionable negligence. The duty of using ordinary care, to avoid injuring such a person begins only with actual discovery, and for the violation of such duty a right of action would exist in favor of the one injured.

This being the law announced by the Supreme Court, we are, of course, bound to follow it, whatever may be our views as to what we think the law on this subject ought to be.

Applying the principle of the case of *The Erie Railroad Co.* v. *McCormick, supra,* to the facts in this case, it is apparent that, since there was no evidence tending to show actual knowledge imputable to the company of the plaintiff's presence on the track, there was as a matter of law no actionable negligence on the part of the company shown, and no question of fact to be submitted to the jury.

If it should be admitted that the plaintiff was upon the track in an unconscious condition without fault on his part, as is claimed on his behalf, and therefore not guilty of contributory negligence, the evidence would still fail to disclose a situation tending to establish negligence on the part of the defendant company. His position in that event would be analogous to that of a mere licensee, and the company's duty to use reasonable care to avoid injuring him would begin only upon discovery of his position by some one whose knowledge would be imputed to the company. Such is the holding in *The Cleveland, Akron & Columbus Railway Co.* v. *Workman, Admr.,* 66 O. S., 509.

The trial court committed no error in directing a verdict for the defendant, and the judgment is affirmed.